UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. JONES,

    Plaintiff,

        v.                                   CAUSE NO. 3:23-CV-196-JD-MGG

TERRY STIGDON,

    Defendant.

OPINION AND ORDER

Gregory A. Jones, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jones is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jones describes a sad set of circumstances involving his young daughter. He alleges that in December 2019, his daughter was placed into foster care by a child

protective services organization in South Bend.[1] He claims that caseworker Terry Stigdon placed his daughter with his uncle's girlfriend, Rhonice Jacob. At some point, his daughter was temporarily removed from Ms. Jacob's home due to allegations of child abuse. However, he claims Ms. Stigdon later returned her to Ms. Jacob's home, and in January 2020 she died, allegedly due to abuse by Ms. Jacob.

In September 2020, Mr. Jones filed a civil rights suit against Ms. Jacob in federal court seeking damages for his daughter's death. *See Jones v. Jacob*, 3:20-CV-830-DRL-MGG (N.D. Ind. closed Feb. 11, 2021). That suit was ultimately dismissed under 28 U.S.C. § 1915A, because the court concluded that Ms. Jacob was a not a state actor who could be sued for constitutional violations. *See K.H. Through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990) ("foster parents, even if paid by the state, are not state agents for constitutional purposes"). The court invited Mr. Jones to file an amended complaint before dismissing the case, but he did not do so. *Id.*, ECF 10.

In March 2023, he filed this new suit against Ms. Stigdon, again seeking damages for his daughter's death. He asserts that Ms. Stigdon violated his daughter's rights by failing to protect her from harm in the foster home, and violated his rights when she "denied [him] the opportunity to be informed and to be heard concerning the death of his minor child." (ECF 2 at 5.) Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v.*

---

[1] Public records reflect that Mr. Jones is currently serving a 60-year sentence for the 2017 murder of Kenyatta McCurry, the child's biological mother. *See State v. Jones*, 18A-CR-1739 (Ind. Ct. App. slip op. Mar. 27, 2019). The court is permitted to take judicial notice of public court documents at the screening stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

*Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is evident that Mr. Jones is suing over the 2019 placement of his daughter in Ms. Jacob's home and her subsequent death in January 2020. Both of these events occurred more than two years prior to the date the complaint was filed.[2]

He mentions that he was not promptly notified of his daughter's death, which could mean that the statute of limitations began running at a later date. *See Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). He does not state when he learned that his daughter had died, but it is evident from public records that he was aware of her death, and the fact that she had died under suspicious circumstances in Ms. Jacob's home, as of September 21, 2020, the date he initiated the lawsuit against Ms. Jacob. *See Jones*, 3:20-CV-830-DRL-MGG, ECF 2. Assuming that later date triggered the statute of limitations, he would have had until September 2022 to file his claim against Ms. Stigdon.[3] He did not do so, and instead waited until March 2023 to file this complaint. Although

---

[2] The court notes that Mr. Jones did not fill in the complete date on the signature line of the complaint, and instead listed March 2023---without a specific day---as the date he deposited his complaint in the prison mail system. (ECF 2 at 7.) The complaint was electronically filed on March 6, 2023. Even if the court were to give Mr. Jones the benefit of the doubt and presume he tendered the complaint for mailing on March 1, 2023, the complaint would not be timely for the reasons outlined in this opinion.

[3] The court has considered whether principles of res judicata and the rule against "claim-splitting" might bar this second lawsuit involving his daughter's death, because he could have asserted a claim against Ms. Stigdon in the earlier case. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 696 (7th Cir. 2022). Because the case cannot proceed for the other reasons outlined in this opinion, the court does not explore further whether this affirmative defense bars the suit. *See Burton v. Ghosh*, 961 F.3d 960, 971 n.6 (7th Cir. 2020) ("[C]ourts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication.") (citation omitted).

untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is clear that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Assuming he could overcome the untimeliness problem, there are additional problems with the complaint. It is evident that Mr. Jones is trying to assert claims on behalf of his daughter, including that Ms. Stigdon failed to protect her from harm in the foster home. Whether such a claim is cognizable presents a complex question. *See DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S. 189, 197 (1989) ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *but see Stevens v. Umsted*, 131 F.3d 697, 702 (7th Cir. 1997) ("[O]nce a state removes a child from the parent's custody because of alleged [] abuse, the child has a constitutional right not to be placed with foster parents that the state knew or suspected to be abusive."). However, to the extent his daughter has a constitutional claim, what is clear is that Mr. Jones cannot pursue it on her behalf. He is not a licensed attorney, and therefore cannot represent his daughter or her estate in federal court. *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010).

As for his own injuries, he claims that Ms. Stigdon violated his rights when she "denied [him] the opportunity to be informed and to be heard concerning the death of his minor child." (ECF 2 at 5.) The court cannot discern how these facts give rise to a cognizable federal claim. He alleges that Ms. Stigdon was negligent in not promptly notifying him of his daughter's death, but "negligent conduct does not offend the Due

Process Clause." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). He may be trying to assert a state law negligence or wrongful death claim against Ms. Stigdon, but without a cognizable federal claim, he cannot litigate such claims in federal court. *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010). Whether he may have some remedy available in state court is a matter this court does not reach.

Therefore, Mr. Jones has not stated a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes he can state a timely federal claim against Ms. Stigdon, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 20, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 18, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT